RENA PEDDIE CROSSLEY AND C. VICTORIA PEDDIE, APPELLANTS, v. FRANK BINNS ET AL., RESPONDENTS.

Submitted February 15, 1935—Decided May 17, 1935.

For appellants *Frank Benjamin.*

For the respondents, *John J. McCloskey* (*Saul Tischler,* of counsel).

The opinion of the court was delivered by

LLOYD, J. The appeal is from a judgment of nonsuit entered in the court below. The action was to recover damages in the form of unpaid rent of premises in the city of Newark, and was based upon a written agreement between the parties which it was claimed obligated not only the defendant, "45 Branford Place Corporation," to its performance, but likewise obligated the remaining defendants as individuals.

The plaintiffs leased the premises involved to the corporation in June, 1926, reserving certain large rentals. On March 1st, 1932, default in the payment of rents occurred, and the agreement sued upon was entered into. The agreement was in the form of a letter from the landlord to the tenant and acceptance by the latter. After providing for a modified method of payments, both in time and amount, the final clause of the letter read:

"8. This arrangement, which is given to you for the purpose of relieving the distress arising from the losses in rent, shall in no way be considered a modification of the lease, but the lease shall stand in all its terms and conditions and the executive officers of the company shall signify their approval of the foregoing arrangement by signing the same and agreeing to carry it out both in letter and in spirit."

The acceptance was in this form:

"45 Branford Place Corporation does hereby consent to the foregoing arrangement and we, the undersigned, the executive officers of the corporation do hereby agree to carry out the terms of the said arrangement in all particulars.

    45 Branford Place Corporation,
    .  by Frank Binns, President,
     by David Cronheim, Secretary,
     by A. S. Cronheim, Treasurer."

The proper construction of the agreement alone is involved, and the question for determination is whether there was intended a personal undertaking by the individuals named or whether the undertaking was wholly in their official capacity as officers of the corporation.

The learned trial judge construed the agreement as imposing no personal liability other than as officers, in which respect no default is alleged, and with that conclusion we agree.

Construing the agreement it is to be noted that the designation of the individual defendants is as executive officers of the corporation, and their signatures likewise, in so far as they constitute more than the signing of the corporation name, are as officers of the corporation. There is nothing, we think, in the writing to suggest a further purpose. It involves nothing more than an obligation on the part of the individual defendants as officers by honest endeavor to see that the undertaking of the corporation was carried out. Both clauses above quoted we think imply this and nothing more.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.